# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 19, 2012

Lyle W. Cayce
Clerk

No. 12-60251
Summary Calendar

PEDRO VILLATORO, also known as Pedro Villatoro-Moreno,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A089 938 565

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Pedro Villatoro, a native and citizen of El Salvador, petitions this court for review of the Board of Immigration Appeals' (BIA) decision dismissing his appeal of the Immigration's Judge's (IJ) denial of his application for withholding of removal. He contends that the IJ and BIA erred in denying his application for withholding of removal because he established past persecution and a likelihood of future persecution on account of his membership in a particular social group, defined as "individuals targeted by gangs in El Salvador because of age and who

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

cannot turn to the Government to protect them and who fear future harm since residing in the United States." The BIA determined that the group set forth by Villatoro lacked particularity and social visibility.

We review the BIA's decision and will consider the IJ's underlying decision only if it influenced the determination of the BIA. *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 348 (5th Cir. 2002). The BIA's legal conclusions are reviewed de novo and its findings of fact, such as an alien's eligibility for withholding of removal, are reviewed for substantial evidence. *Efe v. Ashcroft*, 293 F.3d 899, 903, 906 (5th Cir. 2002). The substantial evidence test requires that the decision be based on the evidence presented and that the decision be substantially reasonable. *Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996). We will affirm the BIA's determination "unless the evidence compels a contrary conclusion." *Id.*

To qualify for withholding of removal, the alien "must demonstrate a 'clear probability' of persecution upon return." *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004). "A clear probability means that it is more likely than not that the applicant's life or freedom would be threatened by persecution on account of either his race, religion, nationality, membership in a particular social group, or political opinion." *Id.*

The BIA's determination that Villatoro failed to establish his eligibility for withholding of removal is supported by substantial evidence. *See Efe*, 293 F.3d at 906. The BIA did not err in determining that the social group proposed by Villatoro was not a particular social group for purposes of the Immigration and Nationality Act because it did not possess the requisite social visibility or particularity. *See Orellana-Monson v. Holder*, 685 F.3d 511, 518-20 (5th Cir. 2012). Villatoro has therefore failed to show that the record compels a finding that the BIA erred in its conclusion. Consequently, the petition for review is DENIED.