# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
August 11, 2020

Lyle W. Cayce
Clerk

No. 19-60368
Summary Calendar

MILTON ENRIQUE MENDEZ-REYES,

Petitioner

v.

WILLIAM P. BARR, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 136 766

Before BARKSDALE, GRAVES, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Milton Enrique Mendez-Reyes, a native and citizen of El Salvador, seeks review of the Board of Immigration Appeals' (BIA) order affirming an immigration judge's (IJ) decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Each claim fails.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

First, Mendez contends the IJ and BIA lacked jurisdiction over his proceedings, and service of his notice to appear (NTA) was improper, because his NTA was defective.  Mendez never contested his NTA's validity before the IJ or the BIA.  Consequently, he has failed to exhaust this issue, and we lack jurisdiction to consider it.  *See Omari v. Holder*, 562 F.3d 314, 318–21 (5th Cir. 2009).

He also claims the IJ and BIA erred in denying his application for asylum and withholding of removal.  (Mendez abandoned any claim for relief under the CAT by failing to adequately brief it.  *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (citation omitted).)

"We review only the BIA's decision, unless the IJ's decision has some impact on [it]."  *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012) (internal quotation marks and citation omitted).  "When the BIA affirms the IJ's decision without an opinion, as is the case here, the IJ's decision is the final agency decision for purposes of judicial review on appeal."  *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (citation omitted).  In reviewing that decision, we review legal conclusions *de novo* and factual findings for substantial evidence.  *Orellana-Monson*, 685 F.3d at 517–18 (citations omitted).

The determinations an alien is ineligible for asylum and withholding of removal are factual findings.  *Chen*, 470 F.3d at 1134 (citations omitted).  On substantial-evidence review, such factual findings will not be disturbed "unless [our] court decides not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it".  *Orellana-Monson*, 685 F.3d at 518 (emphasis in original) (internal quotation marks and citation omitted).  In that regard, "petitioner has the burden of showing that the evidence is so compelling

that no reasonable factfinder could reach a contrary conclusion". *Id.* (internal quotation marks and citation omitted).

Regarding Mendez' asylum claim, "[a]sylum is discretionary and may be granted to an alien who is unable or unwilling to return to his home country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group [(PSG)], or political opinion". *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005) (internal quotation marks and citation omitted). The alien seeking asylum must establish that one of these protected bases "was or will be at least one central reason for persecuting the applicant". *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 348 (5th Cir. 2006) (citations omitted).

Mendez asserts substantial evidence compels our finding, contrary to the IJ's determination, that he suffered past persecution, and has a well-founded fear of future persecution, based on his membership in a PSG: "Salvadoran Men Opposed to the Economic Relationship between the Government and the Gangs". But, because (and as the IJ determined) Mendez fails to proffer a legally cognizable PSG, his asylum claim fails.

This is because "to establish persecution based on membership in a particular group", petitioner must demonstrate he is a member "of a group of persons that share a common immutable characteristic that they either cannot change or should not be required to change because it is fundamental to their individual identities or consciences". *Orellana-Monson*, 685 F.3d at 518 (internal quotation marks and citations omitted). Such a group must have: (1) social visibility, making them "readily identifiable in society"; and (2) particularity such that the "group can accurately be described in a manner sufficiently distinct that the group would be recognized, by the society in question, as a discrete class of persons". *Id.* at 519 (citations omitted).

No. 19-60368

Our court has previously declined to recognize variously proffered PSGs based on individuals being subjected to gang violence due to their refusing to join a gang or accede to its demands.  *See*, *e.g.*, *id.* at 521–22; *see also Villatoro v. Holder*, 504 F. App'x 267, 267–68 (5th Cir. 2012) (finding no error in BIA's determining "individuals targeted by gangs in El Salvador because of age and who cannot turn to the Government to protect them and who fear future harm since residing in the United States" was not a cognizable PSG).  Mendez has not shown his proposed PSG is meaningfully different from those groups our court has refused to recognize.

And, "[b]ecause the level of proof required to establish eligibility for withholding of removal is higher than that required for asylum, [Mendez'] failure to establish eligibility for asylum is dispositive of [his] claim[] for withholding of removal".  *Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006) (citation omitted).

DISMISSED in part; DENIED in part.